IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE AGUSTIN RODRIGUEZ SANTANA,<br><br>                    *Petitioner,*<br><br>    v.<br><br>WARDEN, et al.,<br><br>                    *Respondents.* | CIVIL ACTION<br><br>NO. 26-1200 |

### ORDER

**AND NOW**, this 26th day of February, 2026, upon consideration of the Petition for a Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Response in Opposition, (Dkt. No. 4), is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1. **Rodriguez Santana is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)**, and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).[1]

---

[1] On July 12, 2024, Jose Agustin Rodriguez Sanatana, a citizen of the Dominican Republic, entered the United States "without admission or inspection." (Pet. ¶ 2, Dkt. No. 1.) Border Patrol agents detained Rodriguez Sanatana, began removal proceedings against him, paroled him into the country, and instructed him to attend periodic check-ins with ICE. (*Id.* ¶¶ 2–3.) Rodriguez Santana did so on February 24, 2026, but ICE agents detained him under 28 U.S.C. § 1225(b), (*Id.* ¶¶ 8, 10), and moved him to the Philadelphia Federal Detention Center, (*Id.* ¶ 12.) He has not received a bond hearing. (*Id.* ¶¶ 39–41.)

Rodriguez Sanatana filed a federal *habeas* petition on February 24, 2026, alleging violations of the Immigration and Nationality Act and due process. (*Id.* at 19–22.) He seeks an order preventing the Government from transferring him outside the Eastern District, directing the Government to show cause, declaring his detention his unlawful, and releasing him from detention. (*Id.* at 22–23.) The Government responds that Rodriguez Santana is lawfully detained under § 1225(b)(2). *See* (Gov't Resp. in Opp'n at 5–10, Dkt. No. 4).

The Court disagrees with the Government for the reasons stated in *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (citing 282 out of 288 district court decisions rejecting the Government's position) and echoed in *Alekseev v. Warden*, No. 26-462, 2026 WL 413439 (E.D. Pa. Feb. 13, 2026) (citing 201 decisions in the Eastern District rejecting the

2. **On or before March 5, 2026**, the current Director of Immigration and Customs Enforcement for the Philadelphia Field Office shall provide Rodriguez Santana with a bond hearing in accordance with 8 U.S.C. § 1226(a).

3. Should the immigration judge deny bond, Rodriguez Santana may appeal that decision to the Board of Immigration Appeals.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

Government's position). Rodriguez Sanatana was already in the United States—not "seeking admission" as § 1225(b) requires—when ICE agents detained him two days ago. Because the Government detained him under § 1226(a) and not § 1225(b)(2), it must afford him the opportunity to seek bond at a hearing before an immigration judge. *See Demirel*, 2025 WL 3218243, at *5. Given that, the Court need not address his due process claim.